12  337
15 1875

SUCCESSION OF SAMUEL HARRELL, deceased—Opposition of JACOB
HARRELL.

The heirs must be cited and made parties to an account rendered by an administratrix and homolo-
gated, or they will not be concluded thereby, except as to passive debts of the estate; for the pay-
ment of which, the administratrix is entitled to be credited.

The Code of Practice, Art. 1027, and Civil Code, Arts. 1267 and 1259, expressly require the Judge to
direct the manner in which the partition shall be made and to refer the parties to a notary, whom
he shall appoint to make the partition.

If any question be raised in relation to the separate property of the spouses and collations between
the heirs of the deceased, such questions should be determined by the Judge, before referring the
partition to a notary.

The question touching the liability of the administratrix for any damage which the estate may have
sustained in consequence of her negligence, should be determined by the court, previous to the
reference of the partition to a notary.

" Any co-heir of age, at the sale of the hereditary effects, can become a purchaser to the amount of
the portion owing to him from the succession, and he is not obliged to pay the surplus of the pur-
chase money, over the portion coming to him, until this portion had been definitively fixed by a
partition."

*Held :* That when the other assets are sufficient to pay all the debts and charges due by the estate,
the administratrix is not bound to take any steps to enforce the payment of the purchase money
due by the heirs, and consequently cannot be held liable for any loss or damage which may arise
from such purchases by insolvency or otherwise.

A PPEAL from the District Court of East Feliciana, *Ratliff*, J.
*Muse & Hardee*, for the administratrix, appellant.   *J. O. Fuqua* and *J.
B. Smith*, for opponent and appellee.

VOORHIES, J.   *Samuel Harrell* died in the parish of East Feliciana in 1837,
where his succession was opened, leaving seventeen children as his legal heirs,
six by a former marriage and eleven by his surviving spouse, *Sarah Harrell*.
The effects of his succession, inventoried and appraised in January and Febru-
ary, 1837, amounted to the sum of $33,634 76, and those in the parish of Liv-
ingston, inventoried in January, 1839, to the sum of $1,690.

*Jacob Harrell*, one of the heirs, claiming also to be the transferree of the
hereditary shares of the other children of the first bed, alleges in his opposition
that *Sarah Harrell*, the surviving spouse of the deceased, instituted an ac-
tion in the late Probate Court of the parish of East Feliciana for a partition
of said estate, which was ordered; that the experts having reported that
the property could not be conveniently divided in kind, a sale was ordered and
carried into effect; and that she was subsequently appointed administratrix of
said estate.

An account or statement of receipts and payments and of her claim as sur-
viving spouse in the community, was filed by her, and after the usual adver-
tisements, was duly homologated by the judgment of the Probate Court ren-
dered on the 2d of May, 1845.

On the 11th of October, 1848, *Jacob Harrell* brought suit against the admin-
istratrix to compel her to render an account of her administration, in which he
prayed that the heirs be cited and made parties, and that a full and final set-
tlement and partition be made of the estate.   On the 12th of January, 1849,
during the pendency of this suit, the administratrix filed another account of
her administration.   *Jacob Harrell* opposed not only this but the former ac-
count, alleging that he had never been legally notified of the filing of said ac-
43

counts, and was consequently not concluded by the judgment homologating the same. This opposition, so far as the same related to the first account, was, on motion of the administratrix, ordered to be stricken out and rejected. After the assignment of the cause for trial, an amendment to the opposition was allowed notwithstanding the objection of the administratrix. A bill of exceptions was taken to this as well as to the ruling of the court below on the motion to strike out, but it is immaterial from our conclusion in the case to pass upon either.

From the last account filed it appears that the administratrix has received, since the homologation of her first account, the sum of $886 80, and that she has discharged debts alleged to be due by the estate to the amount of $160 66, leaving a balance of $722 24 to be applied in part payment of her claim.

It is alleged, as one of the objections to both accounts, that the active debts carried on the inventory of the estate and certain portions of the price of the property thus sold, amounting together to upwards of $10,000, have not been accounted for.

Upon the issues thus made up between the parties, the court below decreed that *Jacob Harrell* and the other heirs recover of the administratrix the sum $2,796 64, with interest; that the item No. 1 on the credit side of her account be rejected ; that a full and final account of her administration, exhibiting all the assets of the estate as inventoried, be rendered by her on or before the 1st of October, 1856 ; that her account be corrected and amended by rejecting her claim of $3,137 08, and so amended, that the same be homologated; and that she pay in due course of administration the sum thus awarded in favor of the heirs. From this judgment the administratrix has appealed.

From this statement of the case, we think it is apparent that the judgment of the court below must be considered erroneous. It appears that, in order to effect a judicial partition between the parties, the property of the estate was sold at auction on certain terms of credit, in accordance with an order of the court, and that the greatest portion thereof was adjudicated to the widow and heirs of the deceased ; and that the widow was subsequently appointed administratrix of the succession. As the heirs were not cited or made parties to the account thus rendered and homologated, it is clear that they are not concluded thereby, except as to the passive debts of the estate, for the payment of which the administratrix is entitled to be credited. C. C. 1168, 1172-3. It follows, therefore, that all the other matters were improperly embraced in her accounts and should have been reserved to be passed upon in the action of partition. The Code of Practice, Article 1027, expressly requires the Judge to direct the manner in which the partition shall be made, and to refer the parties to a notary whom he shall appoint to make a partition. The Civil Code also contains the same provision. Articles 1267, 1259 ; 5 An. 208. If any questions be raised in relation to the separate property of the spouses and collations between the heirs of the deceased, such questions should be determined by the Judge before referring the partition to a notary.

The question touching the liability of the administratrix for any damage which the estate may have sustained in consequence of her negligence, should have been determined by the court below previous to the reference of the partition to a notary. " Any co-heir of age, at the sale of the hereditary effects, can become a purchaser to the amount of the portion owing to him from the succession, and he is not obliged to pay the surplus of the purchase money over

the portion coming to him, until this portion has been definitively fixed by a partition." C. C. 1265 ; 2 An. 412; 12 R. 666. As the other assets were sufficient to pay all the debts and charges due by the estate, it follows that the administratrix was not bound to take any steps to enforce the payment of the purchase money due by the heirs, and consequently cannot be held liable for any loss or damage which may arise from such purchase by insolvency or otherwise. It appears to us, that the legal rights of the parties litigant can only be ascertained and determined in accordance with the views which we have expressed.

It is, therefore, ordered and decreed, that the judgment of the court below be avoid and reversed ; that the cause be remanded for further proceedings according to law ; and that the costs of this appeal be paid by the appellee, *Jacob Harrell.*

MERRICK, C. J., recused himself in this case, he having been of counsel.